IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRANCE EDWARD BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1428-K-BN |
| | § | |
| STATE OF TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Terrance Edward Bennett, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that his criminal defense attorney, a Dallas County assistant district attorney, the judge presiding over his family violence assault case, the State of Texas, and the Dallas County Jail are responsible for violating his constitutional rights. On April 10, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 5. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed

*in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 7. The Court sent written interrogatories to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 6. Plaintiff answered the interrogatories on April 26, 2013. *See* Dkt. No. 8.

In his complaint and interrogatory responses, Plaintiff generally accuses Kobby Warren, his criminal defense attorney in a pending felony assault case, of having a conflict of interest in representing him and of ignoring his case, refusing to meet with him, verbally threatening him, and failing to file motions for an examining trial, request to withdraw as counsel, and concerning other pretrial issues. *See* Dkt. No. 3 at 3-4; Dkt. No. 8 at Questions 1(a) & 7. He seeks to hold the State of Texas and Judge Ernest White responsible for the violation of his right to an examining trial and ignoring his requests to dismiss his counsel. *See* Dkt. No. 3 at 3-4; Dkt. No 8 at Questions 1(a) & 5. He claims that an unnamed assistant district attorney has tried to force him to enter a guilty plea to the charges against him and presented to the grand jury a case that had previously been no-billed. *See* Dkt. No. 3 at 3-4; Dkt. No. 8 at Question 4. He also alleges that the Dallas County Jail has denied him "full usage" of the law library, as required by law. *See* Dkt. No. 3 at 3 & 6. By this lawsuit, Plaintiff seeks appointment of a new defense lawyer, transfer of venue for his assault case, full use of the law library, and "a fair trial or a dismissal of all charges and a [reinstatement] of my probation." Dkt. No. 3 at 4; Dkt. No. 8 at Questions 2 & 6.

The undersigned now determines that Plaintiff's civil rights claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed

factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

<u>Civil Rights Claims</u>

Although Plaintiff does not seek money damages, *see* Dkt. No. 8 at Question 2, his claims are properly considered under 42 U.S.C. § 1983, because he does not appear to be requesting "immediate or speedier release" from custody, *see Ellason v. Owens*, No. 12-40307, 2013 WL 1490657, at *1 (5th Cir. Apr. 12, 2013) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). To the extent that Plaintiff seeks release from custody by requesting "a fair trial or a dismissal of all charges and a [reinstatement] of my probation," Dkt. No. 8 at Question 2, he must pursue this remedy in a habeas petition under 28 U.S.C. § 2241, *see Perkins v. Chatham*, No. 3:12-cv-3651-L-BK, 2012 WL 5465769, at *2 (N.D. Tex. Oct. 23, 2012) (citing *Wilkinson*, 544 U.S. at 78), *rec. adopted*, 2012 WL 5471731 (N.D. Tex. Nov. 9, 2012); *see also Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citing *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)) (pretrial petitions for habeas relief should be brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254).

The Court initially observes that all of Plaintiff's claims, except for his allegations related to denial of access to the law library, would interfere with his

ongoing criminal trial. Under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (citing cases); *see also Younger v. Harris,* 401 U.S. 37, 43-45 (1971). Although Plaintiff's claims are not barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court may not consider Plaintiff's claims of wrongdoing in connection with his pending criminal case until the criminal case or the likelihood of a criminal case is ended, *see Banks v. Gammon,* No. 3:08-cv-0474-K, 2008 WL 2404967, at *2 (N.D. Tex. June 9, 2008) (citing *Wallace v. Kato,* 549 U.S. 384, 393-94 (2007)). Plaintiff has established no justification for considering the merits of his claims at this time; instead, he or his attorney must resort to those remedies afforded by the state court in order to challenge the validity of the state criminal proceedings.

Claims Against Kobby Warren

In addition, Plaintiff cannot sue his defense attorney or the state judge for civil rights violations. Public defenders and private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official

state actors, and generally are not subject to suit under section 1983.").

Claims Against Judge Ernest White

Further, judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction. *See Stump v. Sparkman,* 435 U.S. 349, 356 (1978); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). Plaintiff's only specific allegations against Judge White are that he "ignored my motion to dismiss counsel for almost five months and my letter I sent him" and "refused to allow me to dismiss counsel." Dkt. No. 8 at Question 5. Managing a court's docket is an act normally performed by a judge that is within the scope of his jurisdiction and authority. *See Jackson v. Tapscott*, No. 3:07-cv-1546-G, 2007 WL 4165711, at *2 (N.D. Tex. Nov. 26, 2007) ("Because Judge Tapscott was acting within the scope of his authority in communicating with the parties, managing his docket, and determining what orders to issue in the state civil action, he is entitled to absolute judicial immunity."). Because Plaintiff does not complain of any actions taken by Judge White that were "nonjudicial in nature," Plaintiff's claims against him should be dismissed with prejudice as frivolous. *Boyd*, 31 F.3d at 285.

Claims Against Unnamed Assistant District Attorney

Similarly, Plaintiff's allegations against the unnamed assistant district attorney should be summarily dismissed. It is well settled that prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman,* 424 U.S. 409, 427 (1976). Plaintiff's sole allegations against this defendant are that he presented a case to the grand jury that had previously been no-billed and that he threatened to seek a violation of Plaintiff's probation and argue for the maximum penalty if Plaintiff does not enter a guilty plea to the new assault charges. *See* Dkt. No. 3 at 3; Dkt. No. 8 at Question 4. The Fifth Circuit has held that "[t]he decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function." *McGruder v. Necaise,* 733 F.2d 1146, 1148 (5th Cir. 1984). In addition, "threats to seek more serious charges in the event that a plea offer is rejected do not violate the due process clause[,]" and claims of wrongdoing in connection with those threats are barred by absolute immunity. *Johnson v. Knox*, No. 3:07-cv-170-N, 2007 WL 1975597, at *3 (N.D. Tex. July 5, 2007) (*citing Bordenkircher v. Hayes,* 434 U.S. 357, 364-65 (1978)). Accordingly, the prosecutor is protected by absolute immunity.

Claims Against Dallas County Jail

Plaintiff's claims the Dallas County Jail are also barred. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes,* No. 3:07-cv-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). The Dallas County Jail is not a legal entity capable

of being sued. *See Gibson v. Dallas Cnty. Jail Sys.,* No. 3:07-cv-490-L, 2007 WL 1576264, at *2 (N.D. Tex. May 31, 2007) (finding that Dallas County Jail is not a jural entity capable of being sued); *see also Lohman v. Ellis Cnty. Jail*, No. 3:12-cv-5285-P-BN, 2013 WL 1148603, at *2 (N.D. Tex. Mar. 4, 2013) (same as to Ellis County Jail), *rec. adopted*, 2013 WL 1155440 (N.D. Tex. Mar. 20, 2013).

<u>Denial of Access to the Law Library</u>

Plaintiff seeks to hold the Dallas County Jail itself responsible for denying him access to the law library. *See* Dkt. No. 3 at 3 & 6; Dkt. No. 8 at Question 6. Such a claim must be analyzed under the more general right of access to the courts, which "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell,* 418 U.S. 539, 579 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 510 (1972); *Taylor v. Sterrett,* 532 F.2d 462, 470-72 (5th Cir. 1976). However, courts have not extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff,* 418 U.S. at 575-76; *Brewer*, 3 F.3d at 821.

In his interrogatory answers, Plaintiff states that he seeks to sue the Dallas County Jail "because of the lack of information and help needed to properly fight a criminal case." Dkt. No. 8 at Question 6. However, an inmate who is represented by counsel in an ongoing criminal proceeding has no constitutional right of access to a law

library in connection with that proceeding. *See Griffin v. Valdez,* No. 3:08-cv-1237-P, 2008 WL 4491052, at *3 (N.D. Tex. Oct. 1, 2008) (citing cases). By his own admission, Plaintiff has been represented by counsel throughout his criminal case. *See* Dkt. No. 8 at Question 7. Consequently, he has failed to state a claim for denial of access to the courts.

## Recommendation

The Court should summarily dismiss Plaintiff's lawsuit pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 15, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-10-